UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON MOSHTAGHI,<br><br>    Plaintiff,<br>v.<br>WELLS FARGO BANK, N.A.;<br>RUSHMORE LOAN<br>MANAGEMENT SERVICES; U.S.<br>BANK NATIONAL ASSOCIATION;<br>DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 3:13-cv-1768-GPC-WVG<br><br>**ORDER SUA SPONTE DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

   Plaintiff Cameron Moshtaghi ("Plaintiff") filed his initial Complaint in this case on July 29, 2013, against Wells Fargo Bank, N.A. ("Wells Fargo"); Mount Rushmore Loan Management Service ("Rushmore"); and U.S. Bank National Association ("U.S. Bank"). (ECF No. 1.) In his initial Complaint, Plaintiff asserted six causes of action for: (1) Violations of California's Homeowner's Bill of Rights; (2) Equitable Estoppel; (3) Bad Faith Denial of Loan Modification; (4) Fraud by Concealment; (5) Negligent Misrepresentation; and (6) Violation of California's Unfair Competition Law.

   Plaintiff thereafter filed his First Amended Complaint ("FAC") on September 10, 2013. (ECF No. 3.) In his FAC, Plaintiff amended the name of defendant Rushmore to be Rushmore Loan Management Service. Otherwise, Plaintiff asserts the same six

state-law causes of action that he asserted in his initial Complaint.

As of the date of this Order, there is no indication on the docket that any of the defendants have been served with Plaintiff's FAC.

On September 30, 2013, Plaintiff filed a motion for preliminary injunction, in which Plaintiff seeks to enjoin Defendants from "implementing or enforcing the Notice of Default posted on July 30, 2013." (ECF No. 5.) Without an objection or request to shorten time by Plaintiff, the Court set Plaintiff's Motion for Preliminary Injunction for a hearing on December 13, 2013. Wells Fargo, the only defendant who has appeared in this case, filed a response to Plaintiff's Motion for Preliminary Injunction on October 18, 2013. (ECF No. 7.)

On November 8, 2013, Wells Fargo filed a motion to dismiss Plaintiff's FAC on the ground that this Court does not have jurisdiction over Plaintiff's state-law claims and, alternatively, on the grounds that Plaintiff fails to state any claim for which relief can be granted. (ECF No. 8.) The Court set Wells Fargo's Motion to Dismiss for a hearing on December 13, 2013.

On November 13, 2013, Plaintiff filed an ex parte motion for temporary restraining order, in which Plaintiff seeks to enjoin a foreclosure sale of his property, which is currently schedule for November 22, 2013, at 10:00 a.m. (ECF No. 11.) Plaintiff indicates in his Ex Parte Motion that he "has notified the Defendants of all the documents filed in this matter." (ECF No. 11-1 at 12.) Plaintiff attaches a certificate of service to his Ex Parte Motion stating that the Ex Parte Motion was served on Wells Fargo and Rushmore by mail on November 13, 2013. (ECF No. 11-4 at 1.) Because Rushmore has not made an appearance in this case, it will not receive electronic notice of any documents filed on the docket. As such, defendant Rushmore will not receive notice of the Ex Parte Motion for, presumptively, three days. See Fed. R. Civ. P. 6(d). Furthermore, it appears defendant U.S. Bank will not receive notice at all.

Upon reviewing Plaintiff's Ex Parte Motion and the record in this matter, it has come to the Court's attention that the Court does not have subject matter jurisdiction

over Plaintiff's claims.

Federal courts are courts of limited jurisdiction. See Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir. 1986). As such, a federal court cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. See Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 93-94 (1998). Thus, at anytime during the proceedings, a district court may sua sponte dismiss a case for lack of subject matter jurisdiction. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc., 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction." (citations omitted)).

In both his initial Complaint and his currently operative FAC, Plaintiff asserts this Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

28 U.S.C. § 1331 provides that district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In other words, federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus, to establish federal question jurisdiction, a plaintiff must establish either that federal law creates a cause of action alleged in the complaint or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10 (1983).

28 U.S.C. § 1367 provides in relevant part that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Thus, if a plaintiff asserts supplemental jurisdiction without having established the district court's original jurisdiction, the district court has no supplemental jurisdiction. See Nickerson

v. Wells Fargo Bank, 2010 WL 3990743, at *2 (N.D. Cal. Oct. 12, 2010) ("Because only state law claims remain in Plaintiff's amended complaint, there is no basis for supplemental jurisdiction over the remaining state law claims.") (citing Pintando v. Miami-Dade Housing Agency, 501 F.3d 1241, 1243 (11th Cir. 2007)).

Here, Plaintiff has not pled a single federal cause of action, and nothing in Plaintiff's FAC establishes that Plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. Thus, the Court does not have federal question jurisdiction over Plaintiff's claims. And because Plaintiff has not established that this Court has original jurisdiction, the Court does not have supplemental jurisdiction.

Based on the foregoing analysis, **IT IS HEREBY ORDERED** that:

1. Plaintiff's FAC is **SUA SPONTE DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction;
2. All pending motions are **DENIED** for lack of subject-matter jurisdiction;
3. All hearing dates on calendar are **VACATED**.

DATED: November 14, 2013

HON. GONZALO P. CURIEL
United States District Judge